### FRANK J. CROCKER

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 22, 1904.*

1. CRIMINAL LAW—*statements of counsel derogatory to the accused are proper if based on facts.* It is not improper for a prosecuting attorney to reflect unfavorably upon the accused or denounce his wickedness,—even to indulge in invective,—if his remarks are based upon evidence competent and pertinent to be decided by jury.

2. SAME—*when a statement by the prosecuting attorney will not reverse.* A statement by the prosecuting attorney in his argument to the jury on the trial of one accused of rape, that "if the evidence be true the defendant has been as low as the most lecherous animal that ever crawled on earth," is not ground for reversal, where the evidence is such as to show the statement was well merited.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

BURRES & McKINLEY, for plaintiff in error.

H. J. HAMLIN, Attorney General, and CHARLES S. DENEEN, State's Attorney, (FRANK CROWE, of counsel,) for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

An indictment returned into the criminal court of Cook county charged the plaintiff in error with the crime of rape, in having carnal knowledge of the person of Grace Platt, a child of the age of thirteen years. The indictment also charged Ada Platt, the mother of Grace, and Nora Mack, her aunt, as accessories at and before the fact to the commission of the crime. On the trial, on motion of the State's attorney, the jury returned a verdict of not guilty as to Ada Platt and Nora Mack, and upon a full hearing the jury found the plaintiff in error guilty as charged and fixed his punishment at imprisonment in the penitentiary for the term

of one year. The motion entered by the plaintiff in error for a new trial was overruled and the sentence of the court in accordance with the verdict of the jury was pronounced. This is a writ of error to reverse the judgment of conviction.

Ada Platt and her daughter, the prosecutrix, lived at 516 West Sixty-sixth place, in Chicago. Nora Mack, an unmarried sister of Mrs. Platt, also made her home in the same dwelling. The plaintiff in error, a widower of the age of thirty-three years, during seven or eight years before the commission of the alleged offense had been in the habit of going to the home of Mrs. Platt and having sexual intercourse with Nora Mack. On such occasions he occupied a bed with Nora Mack and remained with her during the night. The girl, Grace Platt, was sometimes placed in the same bed occupied by the plaintiff in error and Nora Mack. These facts were established not only by the evidence for the People, but by the testimony of the plaintiff in error as well. Grace Platt testified that during the month of March, 1904, the plaintiff in error came to the house of her mother and slept during the night in a bed with herself and her aunt, Nora Mack; that he had intercourse with her during the night. Plaintiff in error, though admitting that he at different times occupied the same bed with Nora Mack and Grace Platt and frequently had intercourse with Nora Mack, denied that he ever had carnal knowledge of the girl. A written statement signed by the plaintiff in error stated that he had occupied the same bed with Nora Mack and Grace Platt; that he slept between them and that he felt and touched the private parts of both, and that he had intercourse with Nora Mack. Plaintiff in error, as a witness in his own behalf, admitted that he had a number of times occupied the same bed with Nora Mack and Grace Platt, but denied that he had ever had intercourse with the girl at any time. He testified that the paper introduced in evidence purporting to be his written statement bore his genuine signature, but insisted that he did not read it before he signed

it. He testified that he did not remember telling the police that he had put his hands between the legs of Nora Mack and Grace Platt, but that he thought he did tell the police that he had inserted his finger in the private parts of Grace. The written statement was as follows: "Some time in February I went to Mrs. Mack's house and slept with Nora Mack and Grace Platt. I slept in the middle. I didn't have any connection with either one of them that night. I put my hand between Grace's legs and also between Nora's legs. About March 15 I went to Mrs. Mack's house again and slept with Grace Platt and Nora Mack. About March 16 I went to the house again and slept with Nora and Grace. I had intercourse with Nora. On the 17th inst. I went to the house again and slept with Nora. Grace slept on the lounge. On the 19th inst. I went to the house again and slept with Nora and Grace. I slept in the middle of the bed."

Counsel for plaintiff in error insist that the guilt or innocence of the accused was solely a question of veracity between the prosecutrix and the accused. Conceding that to be true, when the admissions of the plaintiff in error are considered the jury would be amply justified in believing the statements of the girl that he had had sexual intercourse with her to be by far the most reasonable and probable. It would, indeed, have been strange had the jury accepted his own denial of intercourse as being true, knowing, as they did, such other acts of his as he admitted to be true.

The ninth instruction given on behalf of the People related to the right of the plaintiff in error to testify; to the tests which the jury might legally apply and subject his testimony to in order to determine the degree of credibility and weight that should be accorded thereto. The giving of this instruction is assigned as for error. The instruction is identical with instruction No. 3 which came in review in this court in *Hirschman* v. *People,* 101 Ill. 568, and instruction No. 4 reviewed in *Rider* v. *People,* 110 id. 11. In each of those cases the instruction was held to be free from any sub-

213—19

stantial error or objection. There was no prejudicial error in giving it in the case at bar. *Swan* v. *People,* 98 Ill. 610, and *Dacey* v. *People,* 116 id. 555, are authority for the contention that the false testimony of a witness must have related to a matter material to an issue in the cause in order to justify the jury in disregarding his testimony, and so the jury were expressly advised in the concluding statement of the instruction here complained of.

In the course of his address to the jury, counsel for the People, among other things, said: "Why, if the evidence be true, the defendant has been as low as the most lecherous animal that ever crawled on earth. I am not going to call him names—I am not going to call any man names." Counsel for plaintiff in error objected to the remark "low, lecherous animal." The court did not sustain the objection, and counsel for plaintiff in error preserved an exception. It is urged the remark was so grossly abusive and unfair as to prevent an impartial consideration of the case by the jury.

It is the duty of trial courts to restrain counsel, in their arguments, within the limits of professional duty and propriety. A gross abuse of the privilege of counsel to argue the facts and law of the case to a jury, if it prejudices the cause of the opposite party, would constitute good ground for a new trial; but arguments and statements of counsel based on the facts appearing in the proof, or on legitimate inferences deducible therefrom, do not transcend the bounds of legitimate debate and are not to be discountenanced by the courts. It is not improper for a prosecuting attorney to reflect unfavorably on defendant or denounce his wickedness, and even indulge in invective, if based upon evidence competent and pertinent to be decided by the jury. (2 Ency. of Pl. & Pr. 747.) It is not improper for the prosecuting attorney to denounce a defendant to be a "murderer," in the trial of an indictment for murder, if there is testimony tending to support the truth of the charge. (*State* v. *Griffin,* 87 Mo. 608.) Whatever is deducible from the testimony by direct proof or

legitimate inference from facts that are proven, and which bears upon the issue in a cause, must be a fair subject of comment by counsel, and if such deductions or inferences tend to fix upon a defendant the wickedness and crime that are charged against him, it must be within the scope of proper and fair argument to denounce him accordingly. The remarks of counsel for the State in the case at bar were well merited and in nowise objectionable.

The judgment is affirmed.                    *Judgment affirmed.*