(No. 36211.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DAVID LEE ELDER, Plaintiff in Error.

*Opinion filed Sept. 28, 1962.—Rehearing denied Nov. 29, 1962.*

DOUGLAS G. BRACE, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and·JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant David Lee Elder was found guilty of rape in a jury trial in the criminal court of Cook County and was sentenced to a term of twenty years in the penitentiary. He now brings this writ of error to review his conviction.

The prosecuting witness testified that as she was walking home at about 5:45 P.M. on December 19, 1959, defendant accosted her and told her to keep walking in front of him. He ordered her to walk to the middle of a vacant lot and lie on the ground. He had his right hand in his jacket pocket and told her that if she did as he said, she would not be hurt. There followed an act of sexual intercourse and three acts of deviate sexual conduct. Finally, while defendant lay on the ground, the prosecuting witness was able to get away from him and she ran to the street screaming for help.

She told several men at a garage that she had been raped. Ernest Johnson went with her to the center of the lot to look for defendant. While they were there, she retrieved the packages she had been carrying at the time of the assault. They also found a cap which she identified as having been worn by defendant. When they returned to the garage, she saw defendant walking back toward the lot. Defendant was apprehended by the men from the garage at about 6:30 P.M. and the police were summoned.

Defendant denied attacking the complaining witness. He said he was walking home after getting off a bus when three men "grabbed" him and turned him over to two police officers. Defendant placed the time at 5:30 P.M. although the other witnesses had said it was between 6:30 and 6:45

P.M. He denied the cap belonged to him and claimed that he never wore a cap. A number of witnesses, including defendant's wife, testified that they had never seen him wear a cap. They also said that defendant's reputation for truth and veracity was good.

Defendant first contends that he was not proved guilty beyond a reasonable doubt in that the element of force was not established. To warrant a conviction it must be proved beyond a reasonable doubt that the accused had carnal knowledge of the complaining witness forcibly and against her will. (*People* v. *Jeanor*, 23 Ill.2d 347.) Although there is no fixed rule as to the degree of force required, there must be satisfactory evidence that there was such actual force (*People* v. *Eccarius*, 305 Ill. 62) or threat of force that the victim's will to resist was overcome. *People* v. *Finley*, 22 Ill.2d 525.

Here, the defendant told her she "had" to do as he said and that she "wouldn't get hurt" if she cooperated. His right hand was in his jacket pocket as though he were concealing a weapon. She could easily have been in fear of bodily harm or even death from defendant's threatening manner and statements. Her running from the scene at the first opportunity and making immediate outcry to the first persons she found is totally inconsistent with consent. Such actions are quite reasonable for a woman who has through fear been forced to submit to sexual acts. Her testimony was corroborated by the persons to whom she complained, by the finding of the cap in the vacant lot, and by defendant's presence near the scene. Where the evidence is conflicting, the credibility of the witnesses is for the determination of the jury. (*People* v. *Walden*, 21 Ill.2d 164.) In our opinion the jury was warranted in finding that the defendant's guilt was established beyond a reasonable doubt.

Defendant also complains of the closing argument of the prosecuting attorney. The prosecutor described the crime as "animalistic" and "unnatural" and referred to defendant

as an "animal." A prosecutor is entitled to reflect unfavorably on a defendant and to comment on his actions if his remarks are based on pertinent and competent evidence. (*People* v. *Miller*, 13 Ill.2d 84.) While this court does not commend the use of invective, statements of counsel based on facts proved, or on legitimate inferences therefrom, do not transcend the bounds of proper argument. (*People* v. *Stephens*, 6 Ill.2d 257.) These characterizations were supported by the complaining witness's description of the rape and the accompanying deviate acts. No objections to the allegedly prejudicial argument were interposed in the trial court. We are of the opinion that the remarks were not of such a nature as to require a reversal of the conviction.

Defendant next complains that the court erred in instructing the jury. The court refused to give defendant's rape instruction. However, other instructions which were given adequately dealt with the issues of consent and force. Error is also assigned in the giving of the following instruction:

"The court instructs the jury, as a matter of law, that before a defendant can avail himself of the defense of an alibi the proof must cover the whole of the time of the commission of the crime and be supported by such facts and circumstances in evidence as are sufficient (when considered in connection with all the other evidence in the case) to create in the minds of the jury a reasonable doubt of the truth of the charge against the defendant."

We have held that it is error to give this instruction, (*People* v. *Johnson*, 23 Ill.2d 465; *People* v. *Pearson*, 19 Ill.2d 609,) but in some circumstances it has not been so prejudicial as to require reversal of a conviction. (*People* v. *Agnello*, 22 Ill.2d 352; *People* v. *Pearson*, 19 Ill.2d 609; *People* v. *Lamphear*, 6 Ill.2d 346.) Although the defendant now objects to this instruction, a similar instruction was

given at his own request. Defendant's alibi testimony explained his actions between 4:00 and 5:30 P.M. However, the prosecuting witness said the rape took place between 5:45 and 6:15 and that defendant was apprehended at 6:30 or 6:45. She was corroborated by the testimony of Ernest Johnson and the arresting officers. To avoid his failure to explain his whereabouts during that vital hour, defendant asserted that he was arrested at 5:30 in direct conflict with the other witnesses. In these circumstances and upon careful consideration of the entire record, it does not appear that the verdict was affected by the giving of the challenged instruction.

Defendant's final assignment of error concerns his signed confession which was admitted in evidence after a preliminary hearing. He contends that he signed the confession only after having been beaten by four police officers over a two-hour period. He also stated that, except for the ability to sign his name, he was illiterate. Defendant testified that he was beaten by officers Greenlee and Latimer and detectives Winters and Martinjak and that the prosecutrix was present during these beatings.

This court has held that when it is claimed that a confession has been coerced, it should not be admitted in evidence until each material witness on the issue is either produced or his absence explained. (*People* v. *Wright*, 24 Ill.2d 88.) The prosecutrix, officers Greenlee and Latimer, and detective Winters testified that no threats or coercion were used to obtain the confession. Winters testified that detective Martinjak was on furlough, and was believed to be in California. Although defendant's brief asserts that Ernest Johnson should have been called on this point, he testified that Johnson was not present at the time of the confession. Here, every person who could be considered a material witness on the question of the voluntary nature of the confession testified except detective Martinjak. We

are of the opinion that Martinjak's absence was satisfactorily explained.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*