**People of the State of Illinois, Plaintiff-Appellee, v. Dennis Neal Baker, Defendant-Appellant.**

Gen. No. 53,028.

First District, First Division.

September 21, 1970.

Reilly, Sentman & Selby, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Robert A. Novelle, Anthony Montemurro, and John A. Gibaitis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

The defendant, Dennis Neal Baker (Impleaded), was charged with conspiracy, escape, robbery and armed robbery in four indictments, Nos. 66–24, 66–931, 66–932 and 66–933. On September 27, 1966, defendant pleaded guilty to three indictments, Nos. 66–931, 66–932 and 66–933. On indictments Nos. 66–24, 66–932 and 66–933, he was sentenced to a term of ten to fifteen years each. On indictment No. 66–931, in which defendant Baker was charged with conspiracy to escape and escape, he was

sentenced to a term of from five years to five years and one day. It was ordered that all sentences were to be served concurrently.

On April 22, 1968, this court granted defendant leave to appeal on indictments Nos. 66–931, 66–932 and 66–933. A transcript of the record filed on April 16, 1969, includes a verbatim report of proceedings covering defendant's change of plea and his sentencing. This report shows that Mr. Brian Crowe, Assistant Public Defender, appeared for defendant Baker, and the following colloquy between the court, defendant and defendant's counsel took place:

> MR. CROWE: "Let the record show that the defendants, Mark Clancy, Edward Schreiber and Dennis Baker are present in open court. At this time on behalf of the defendant Dennis Baker, the defendant will withdraw the plea of not guilty heretofore entered on indictments Nos. 66–931, 932 and 933 and enter a plea of guilty to each of those indictments."

> THE COURT: "Mr. Baker, your counsel states you wish to change your plea of not guilty to a plea of guilty, is that correct?"

> THE DEFENDANT BAKER: "Yes, sir."

> THE COURT: "When you plead guilty, you automatically waive any right to a trial by jury, do you realize that?"

> THE DEFENDANT BAKER: "Correct."

The court then proceeded to inform the defendant of the consequences of his plea of guilty to the various indictments and of the maximum penalties provided by law which might have been imposed upon the acceptance of his plea of 'guilty. After defendant stated to the court that he persisted in his plea of guilty, the record shows the following took place:

> THE COURT: "Let the record show that the defendant has been advised of the consequences of his plea to these indictments and after being so advised, persists in his plea. The plea, therefore, will be

accepted, and there will be a finding of guilty of robbery, conspiracy to escape, escape and armed robbery, all as set forth in indictments 66–24, 66–933, 932 and 931, and there will be a judgment on the finding.

"Will the State's Attorney kindly advise the Court as to what the facts are in this case, and thereafter we will have a hearing in aggravation and mitigation."

(Thereupon a hearing in aggravation and mitigation was had, preceded by a statement of facts by the State's Attorney.)

THE COURT: "Very well, based upon the plea of guilty to indictment 66–24, 66–931, 932 and 933, and in consideration of the various facts submitted in aggravation and mitigation, the Court hereby sentences the defendant to the State Penitentiary on indictment 933 involving escape for not less than five nor more than five years and one day;

"On indictment 66–24, 66–931 and 932 the defendant is hereby sentenced to the State Penitentiary for a period of not less than ten nor more than fifteen years; that the sentences heretofore imposed shall run concurrently."

On appeal defendant's contentions include: 1. (A) The rights of the defendant under the United States Constitution and the Constitution of the State of Illinois to be notified of the crime he is accused of, to face his accusers, and to have a trial by jury, were violated when he was sentenced under Indictment 66–24; (B) The failure of the State to bring indictment 66–24 to trial has denied the defendant the right to a speedy trial. 2. (A) The defendant was denied his right to have a complete transcript and records furnished to him; (B) the failure of the State to provide the transcript and records that were furnished within a reasonable time was a violation of the equal protection and due process clauses of the United States Constitution. 3. The defendant was denied his constitutional right to appeal, have counsel

appointed for him, and have a free record and transcript by virtue of the failure of the trial court to inform him of the availability of these rights. 4. (A) The defendant was denied a full hearing in mitigation and aggravation in that only a bare minimum of evidence was presented to the court. The sentence imposed was too hard with regard to the gravity of the offense and of the prior record of the defendant. 5. The defendant was improperly sentenced to a longer term than was a codefendant. 6. The defendant was sentenced, in indictment 66–931 for a longer period than is permitted by the statute. 7. The court erred in amending the sentence in indictment 66–933 from a term of five years to five years and one day to a term of from ten to fifteen years.

Initially considered is defendant's contention that he was improperly found guilty and sentenced under indictment No. 66–24. Defendant's authorities on this question are axiomatic, and a discussion of them is not warranted. The State contends that this court can only hear and determine this appeal on the record before it; that no appeal was ever filed on indictment No. 66–24, and the "Leave to Appeal order" is specifically limited to three indictments only, Nos. 66–931, 66–932 and 66–933. The State maintains, "There simply is no record in regards to Indictment 66–24. If the defendant intended to appeal from the last named indictment, he should have so specified, and accordingly, requested and obtained the record." Authorities cited by the State on this point include 2 ILP, Appeal and Error, § 514, p 464, where it is stated:

> "A reviewing court ordinarily will not consider matters not properly made a part of the record, although they otherwise appear. Thus the court will not examine the record in another case but will decide the instant case only on the record filed therein."

We agree with the State that the Leave to Appeal order of this court did not specify Indictment 66–24, and that 66–24 appears only incidentally in this appeal. The record affirmatively shows that it was plain error for the trial court to include 66–24 in accept-

ing defendant's plea of guilty to the other three indictments and to find him guilty "as set forth" in indictment 66–24 and to sentence him thereon. We believe that there are sufficient factors in this record involving substantial rights of defendant of which fundamental justice and fairness requires consideration by this court under the powers given to a reviewing court in Supreme Court Rule 615(a), which provides:

". . . Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

Therefore, we find that the trial court erroneously included indictment 66–24 in its consideration of indictments Nos. 66–931, 66–932 and 66–933, and that defendant's conviction and sentence on the charge in 66–24 should be reversed and the matter remanded to the trial court for such further proceedings as warranted.

Considered next are defendant's contentions which refer only to Nos. 66–931, 932 and 933. Defendant maintains that the delay in providing him with the transcripts and record of this case denied him equal protection and due process of the law. We have examined the record and defendant's authorities on the question of delay. These cases deal with the right of indigent defendants to a free transcript and record on appeal and not a delay in furnishing them. The State argues that the delay is not alleged to be nor was it due to the fact that defendant was indigent, and that the delay in receiving them here was not a denial of due process and the equal protection of the law. We find no merit to defendant's contention as applied to the instant case. We think the remarks of this court in People v. Velez, 72 Ill App2d 324, 219 NE2d 675 (1966), apply here. There it is said (p 336):

"A final contention made by the defendant is that the failure of the court reporter to supply him with a transcript of his trial until more than a year after its conclusion constituted a denial of due process of law and of equal protection of the laws. Although this delay, and the circumstances occasioning it,

are regrettable, we see no merit to the contention that it should be elevated to the status of a denial of due process or of equal protection, and defendant has cited no authority supporting such a conclusion."

Considered next is defendant's contention that his constitutional rights were violated when the trial court did not inform him of his rights to appeal, as well as to have counsel appointed for him and a free transcript and record. The authorities cited by defendant do not apply to the instant case. The State points out that defendant's plea of guilty in Nos. 66–931, 66–932 and 66–933 and his sentencing took place on September 27, 1966. The State asserts that at that time the defendant had no right to be advised of his right on appeal since he pleaded guilty to the charges.

The State cites Supreme Court Rule 27(6), then in effect, and United States ex rel. Green v. Pate, 411 F 2d 884 (1969), interpreting that rule. Rule 27(6) provided:

"In all cases in which the defendant is sentenced to the penitentiary, *except cases in which the defendant has been convicted upon a plea of guilty,* the trial court shall at the time of imposing sentence advise the defendant of his right to appeal and of his right, if indigent, to be furnished, without cost to him, with a transcript of the proceedings at his trial and with counsel on appeal. . . ." (Emphasis supplied.)

In United States ex rel. Green v. Pate, the court stated in considering Rule 27(6), (p 887) :

"What we have said regarding the power of the Illinois Supreme Court to fix by rule the time within which an appeal must be taken is also applicable to the rule which relieves the trial court of the duty of advising the defendant, on a plea of guilty, of his right to appeal. In our view, it was logical and within the power of the court to recognize a distinction between a defendant whose judgment of convic-

tion resulted from a trial and one whose judgment was based upon a plea of guilty. The rule was not directed at any defendant because of his indigence. The court was required to advise a defendant, rich or poor, of his right to appeal where his conviction followed a trial, but was not required to so advise a defendant, rich or poor, who was convicted on his plea of guilty."

▆▆ We conclude that due to the fact that defendant pleaded guilty while Rule 27(6) was in effect, no constitutional right of defendant was violated by the trial judge in not advising defendant of his appeal rights.

▆▆ Considered next is defendant's contention that he was denied a full hearing in aggravation and mitigation and in light of this the sentences imposed were excessive. The record shows that there was a hearing in aggravation and mitigation, but the record does not include the details of the hearing. We agree with the State that the burden was on defendant to present to the trial court the mitigating circumstances that he thought should be considered at the hearing, and it was defendant's further burden to preserve the matters in the record which are relied upon to reverse defendant's conviction or to reduce his sentences. (People v. Smith, 62 Ill App2d 73, 210 NE2d 574 (1965), and People v. Bush, 95 Ill App2d 57, 238 NE2d 105 (1968).) The sentences imposed were within the statutory limits for the offenses charged. In sentencing, the court's remarks include a statement that the court had considered "the various facts submitted in aggravation and mitigation." As there is no affirmative indication in this record that the sentences are excessive, we conclude the sentences should not be reduced.

Defendant next contends that he was improperly sentenced to a longer term than was a codefendant. In support, defendant cites People v. Steg, 69 Ill App2d 188, 215 NE2d 854 (1966), where it is said (p 192):

"Where there is no basis either in the records of the individuals involved or in the nature of the participation of such individuals in the crime which

would justify a more severe sentence as to one of equal participants in such criminal venture, a sentence which arbitrarily imposes a greater punishment or penalty upon one or more of the individuals than another should not be approved."

■ The State argues that the instant record has no indication of the circumstances surrounding the conviction of the codefendants, i. e., as to whether or not he pleaded guilty or whether he had a trial, what charges he was found guilty on, what his sentences were and what his background or criminal record was. In view of the absence in this record of the foregoing factors, we find no merit in this contention of defendant that he was improperly sentenced. See People v. Rockett, 85 Ill App2d 24, 228 NE2d 219 (1967), and People v. Zimmerman, 57 Ill App2d 190, 206 NE2d 741 (1965).

Finally considered together are defendant's contentions (6) The defendant was sentenced, in indictment 66–931 for a longer period than is permitted by statute, and (7) The court erred in amending the sentence in indictment 66–933 from a term of five years to five years and one day to a term of ten to fifteen years. These contentions are based on the fact that the trial court, when sentencing the defendant, described 66–933 as involving escape and conspiracy to escape and sentenced defendant to five years to five years and one day, and described 66–931 as involving robbery and sentenced defendant to ten to fifteen years.

Defendant's contentions on this issue are based on the premise that defendant must be sentenced in open court, and that only clerical errors and not judicial errors may be corrected in his absence. The State maintains that the sentencing error complained of was a mere "misstatement" on the trial judge's part, and "the confusion here stems from the fact that the Judge stated a wrong indictment number, the one for conspiracy to escape was indictment number 66–931, and *not* 66–933. This was remedied (out of the presence of defendant) in the official sentencing order whereby on 66–931 a sentence from five years to five years and one day was imposed.

On 66–932 and 933, the sentences were from 10 to 15 years."

The State's authorities include People v. Barg, 384 Ill 172, 51 NE2d 168 (1943), and People v. Gregory, 77 Ill App2d 188, 222 NE2d 182 (1966). In People v. Barg, the court stated (p 179) :

> "Since the record of the criminal court must be accepted as it was made, the oral statement of the trial judge made in contradiction of the record does not afford a legitimate basis of impeachment of the judgment orders."

■ Reviewing this record as a whole, we conclude that the mistake in indictment numbers which occurred in defendant's sentencing was a mere misstatement, which neither side called to the court's attention. Since the judgment order which corrected the oral mistake of the trial court was entered on the same day the misstatement was made, and defendant had not yet embarked on his sentence, we find the defendant was in no way prejudiced by the correction. We find no error here.

■ Finding no prejudicial error, defendant's convictions on indictments Nos. 66–931, 932 and 933 and sentences are hereby affirmed. For the reasons heretofore given, defendant's conviction and sentence on 66–24 is reversed and the cause is remanded to the trial court for such further proceedings as are warranted, including defendant's charges that his substantial rights were violated, including his right to a speedy trial.

Convictions and sentences on indictments Nos. 66–931, 66–932 and 66–933 are affirmed; No. 66–24 is reversed and remanded with directions.

BURMAN, P. J. and ADESKO, J., concur.