THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH JOHNSON, Defendant-Appellant.

First District (4th Division)   No. 76-977

Opinion filed March 17, 1977.

James J. Doherty, Public Defender, of Chicago (John M. Kalnins, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Gary W. Adair, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Joseph Johnson, defendant, was charged in two complaints with battery and theft. (Ill. Rev. Stat. 1975, ch. 38, par. 12—3 and par. 16—1(a).) Following a bench trial defendant was convicted on both charges and was given two concurrent sentences of 45 days in the House of Correction. Defendant's sole contention on appeal is that both offenses arose out of the same conduct and were not independently motivated, so that he was improperly convicted and sentenced for both charges.

For the reasons hereinafter stated we reverse defendant's battery conviction.

At trial the complaining witness, Dennis Pettit, who was 14 years of age, testified that on February 29, 1976, at about 6:30 p.m. he was approached by the defendant and some of the defendant's friends. Either defendant or one of his friends asked Pettit for money. The defendant then put his arm around Pettit's neck from behind and demanded money. He also "tapped" Pettit on the head with a bottle as he held him. After about three minutes Pettit gave defendant all the money he had—18 cents—and defendant released him.

Defendant did not deny the incident but maintained that he was only seeking to borrow the money. He testified that he did not intend to hurt Pettit. He only put his arm lightly around Pettit's neck at which point Pettit gave him the money.

I.

In *People v. Stingley* (1953), 414 Ill. 398, 111 N.E.2d 545, it was established that a defendant may not be punished twice for the same act

or series of acts. In that case consecutive sentences were modified to run concurrently. Later cases have expanded the remedy so that now only one conviction may stand where several crimes arise from the same act or transaction. (*People v. Aliwoli* (1976), 42 Ill. App. 3d 1014, 356 N.E.2d 891; *People v. Duszkewycz* (1963), 27 Ill. 2d 257, 189 N.E.2d 299; *People v. Schlenger* (1958), 13 Ill. 2d 63, 147 N.E.2d 316.) Even where several distinct offenses with different elements are committed, if they occurred as part of one transaction and were not independently motivated, only one conviction may stand. (*People v. Murrell* (1975), 60 Ill. 2d 287, 326 N.E.2d 762; *People v. Whittington* (1970), 46 Ill. 2d 405, 265 N.E.2d 679.) However, where offenses are independently motivated convictions and sentences for all of them are proper even though the offenses arise out of a series of closely related acts. *People v. Scott* (1977), 45 Ill. App. 3d 487, 359 N.E.2d 878; *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819; *People v. Johnson* (1970), 44 Ill. 2d 463, 256 N.E.2d 343, *cert. denied* 400 U.S. 958, 27 L. Ed. 2d 266, 91 S. Ct. 356.

■■ The facts in the case at bar are similar to those in *Murrell*, where the defendant seized his victim by the neck, forced him against the wall and took his billfold. The defendant was convicted of theft and battery. The Illinois Supreme Court vacated the conviction and sentence for battery, finding that the battery was only incidental to the theft. In the present case the defendant grabbed the complaining witness, demanding money from him, and held him for three minutes until the money was relinquished. Clearly the purpose of the battery was the same as that of the theft—to obtain money from the complainant. The State's contention that defendant was separately motivated in the battery "to show off" in front of defendant's friends is speculative and not supported by the evidence.

The State contends that both convictions may also be upheld on the basis of the series of cases which hold that separate convictions are proper for offenses which arise from a series of closely related acts which are clearly distinct and require different elements of proof. (*People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819; *People v. Harper* (1972), 50 Ill. 2d 296, 278 N.E.2d 771; *People v. Johnson* (1970), 44 Ill. 2d 463, 256 N.E.2d 343, *cert. denied*, 400 U.S. 958, 27 L. Ed. 2d 266, 91 S. Ct. 356.) However, an examination of these cases reveals that in all of them the convictions which were upheld were for offenses which were independently motivated. In *Williams* the court upheld convictions for armed robbery and murder, specifically finding that the initial purpose of robbery changed to murder; in *Harper* the defendant raped his victim and then robbed her after the rape was completed; in *Johnson* the court noted that when the defendants completed their burglary, they then started a separate course of conduct in committing rape. Different

elements of proof alone could not be the crucial factor in allowing separate convictions or else such convictions could never be prohibited since, by definition, separate offenses will always have different elements of proof. The remaining test—whether the acts are clearly distinct—in reality appears, at least as applied, to be dependent upon the existence of independent motivation for the offenses. Having already determined that such independent motivation did not exist in the case at bar, we conclude this test does not support the dual convictions.

## II.

■■ The State correctly points out that defendant failed to raise this issue at trial or in a post-trial motion. However, under the plain error rule (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)), we have reviewed this issue despite the defendant's failure to properly preserve it for review. (*People v. Casner* (1974), 20 Ill. App. 3d 107, 312 N.E.2d 709.) Defendant's conviction for battery must be reversed because it was only incidental to his objective of theft and was part of one transaction.

Accordingly, defendant's conviction for battery is reversed. His theft conviction is affirmed.

Affirmed in part; reversed in part.

JOHNSON and LINN, JJ., concur.