THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LELAND HARLAND, Defendant-Appellant.

Second District   No. 76-314

Opinion filed June 28, 1977.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant Leland Harland was found guilty by a jury of armed robbery and was sentenced to six to ten years imprisonment. On appeal he contends (1) that he was not proved guilty beyond a reasonable doubt, and (2) that he was prejudiced by an improper question by the prosecutor. We affirm.

A small grocery store in Aurora was robbed by four men on February 3, 1975. Two of the men wore ski masks, a third had his face painted, and the group was armed with two pistols, a knife, and a rifle or shot gun. The robber whose face was painted was the one with the knife. Four days after the robbery, defendant was found in a parking lot, having been struck by an auto. On the ground near him was a bayonet knife, which was identified at trial as being the one used in the robbery.

Three employees of the store were present during the two or three minutes of the robbery. None of them identified defendant at trial, but they did describe the appearance and weapons of the robbers. One of the robbers testified for the State and implicated the defendant. The accomplice had been tried as a juvenile and was incarcerated for two months and given two years probation.

The wife of one of the robbers testified for the State and implicated the defendant. She said the defendant had helped plan the robbery at her apartment, and that he had put makeup on his face before leaving with the others. The makeup was similar in color to the paint described as being on the face of one of the robbers. Defendant's wallet was later found in this apartment. The wife was to receive lenient treatment on an earlier armed robbery charge and received immunity from testifying against her husband. An instruction regarding the suspect nature of accomplice testimony was given to the jury (IPI Criminal No. 3.17).

Defendant's mother and two siblings gave alibi testimony regarding defendant's location at the time of the crime.

Defendant first contends that he was not proved guilty beyond a reasonable doubt. He argues that the testimony of the accomplice and the wife is not worthy of belief because of their motives for testifying and because their credibility as witnesses was impeached on cross-

examination. Further, he alleges that his own witnesses must be believed because he feels they were not impeached.

■■ The bias or interest of accomplice testimony goes to credibility, is a matter for the jury's consideration, and will not be disturbed by a reviewing court unless the evidence is so improbable as to raise a reasonable doubt of guilt. (*People v. Glover* (1975), 27 Ill. App. 3d 827.) Further, this court has held that even when leniency has been promised an accomplice witness, the trier of fact can still reach a verdict of guilty, so long as it is convinced of the facts beyond a reasonable doubt. (*People v. Iverson* (1973), 9 Ill. App. 3d 706.) Applying these rules to the present case, we conclude that defendant was proved guilty beyond a reasonable doubt.

■■ Defendant next contends that he was prejudiced by a failure of the trial court to admonish the jury to ignore an improper question by the prosecutor. The prosecutor asked a defense witness if he had ever been charged with rape. Defendant's timely objection was sustained, but the defendant did not at that time request the court to admonish the jury to disregard the question.

We find that defendant's failure to request the court to admonish the jury is a waiver of this issue. However, even if not waived, we also find there was no prejudice to defendant because his timely objection was sustained and because the testimony of this witness was cumulative.

We accordingly affirm the decision of the trial court.

Affirmed.

GUILD and NASH, JJ., concur.