(No. 35925.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT L. STEWART, Plaintiff in Error.

*Opinion filed October 31, 1960.*

ALAN LAPPING, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

In July, 1959, the defendant, Robert L. Stewart, was indicted in Cook County for the crime of receiving stolen

property. He pleaded not guilty, waived a jury and was tried by the criminal court of Cook County. He was found guilty and sentenced to the Illinois State Penitentiary for a term of not less than one and not more than five years. He now prosecutes his writ of error in this court to review his conviction, alleging (1) that the court erroneously overruled his motion for change of venue, (2) that the evidence failed to prove that he knew the property was stolen at the time he received it, and (3) that the evidence failed to prove the value of the property.

Upon trial of the cause defendant testified that on June 25, 1959, he bought a Mercury 55 motor from a certain Jerry Meyer, whom he met in a tavern. He had known Meyer for about six months. Meyer told him he was leaving town and would like to sell him certain lug wrenches and socket wrenches which he used on his motor. Defendant indicated interest in the motor, which Meyer wished to sell for $350. He arranged to meet Meyer two days later, and in the meantime checked with two dealers who informed him such a used motor could be purchased for about $350. He later offered Meyer $250 and Meyer accepted. The next day they met and about 7 or 8 o'clock in the evening drove to the corner of Francisco and Monroe streets where Meyer had the motor in a garage. Meyer told defendant to wait in the car as it was a bad neighborhood. Meyer left and returned with the motor, the tools and some propellers. He asked defendant to hold the tools, to use the propellers, and he would pick them up later and give him a bill of sale. The following Saturday defendant took the motor to the boat store for some work to be done, left his correct name and was told to return the following Monday. Upon his return to the store on Monday he was met by two police officers one of whom told him the motor was stolen and belonged to his son. He claimed this was the first indication that the motor was stolen. He accompanied the other officer, Creighton, to find the place

where the motor was kept and to find Meyer. Meyer could not be found. He also took the officer to his home and showed him the other articles.

Richard A. Willett, of Itasca, Illinois, testified that three motors, some tools and propellers were stolen from his garage on June 19, 1959. He identified the Mercury 55 motor as his and Kenny Soller's, and stated that he saw it in Lohner's Boat Shop on June 27, 1959. He testified the propellers were variously worth $100, $50, and $35, and that he paid $650 for the motor about three or four months before it was stolen. He had reworked the motor and changed the parts to make it a racing motor and that it was worth around $4200 to $4500.

Officer Creighton testified he saw defendant at the Lohner Boat company on June 29, 1959, in the company of officer Soller. Defendant told him he acquired the motor from Jerry Meyer whom he met in a tavern, that they later met, drove to the vicinity of Francisco and Monroe streets, where Meyer disappeared down an alley while defendant waited in the car, and returned with the motor. Stewart accompanied him on a search of the area but they could neither locate Meyer or a garage. At defendant's home they found the tools and propellers.

On the day prior to the trial of this cause the defendant moved for a change of venue, stated that he was ready for trial, and that his motion was not made for the purpose of delay. The motion was denied. A review of the record indicates that the case was originally set for trial on September 10, 1959, and reset for October 28, 1959. On defendant's motion the cause was continued to December 16, 1959, and on that date again continued on defendant's motion to January 8, 1960. His motion for change of venue was filed on January 7, 1960. It is required that a petition for change of venue be filed at the earliest practical moment, and the court may look to see if the defendant is really seeking to have his trial before a judge who was not preju-

diced against him, or merely seeking to avoid a trial. (*People* v. *Kelly*, 285 Ill. App. 57, *People* v. *Chambers*, 9 Ill.2d 83.) Defendant offers no specific assertions that the court was prejudiced against him, or that he suffered any prejudice by proceeding to trial before the court on January 8, 1960. The defendant was apparently merely attempting to avoid any trial of the cause, as indicated by his preceding delaying continuances, and the court did not err in denying his motion at that late date.

It clearly appears from the record that the property in question was stolen by a third person and that defendant received it and had it in his possession. To sustain a conviction for receiving stolen property it must be proved that the property has in fact been stolen by a person other than the one charged with receiving it; that the one charged with receiving it has actually received the property stolen or aided in concealing it; that the receiver knew that the property was stolen at the time he received it; and that he received it for his own gain or to prevent the owner from gaining possession of it. The element of guilty knowledge on the part of the receiver at the time he received the goods must be proved beyond a reasonable doubt. *People* v. *Rubin*, 361 Ill. 311.

Defendant contends that this guilty knowledge has not been proved. Guilty knowledge may be established by proof of circumstances which would induce belief in a reasonable mind that the property had been stolen and by the receipt of such property by the accused without inquiry as to its source or the title of the one from whom it was received. Knowledge of the theft need not be actual or positive knowledge which one acquires by personal observation of the fact. It is sufficient if the circumstances accompanying the transaction were such as to make the defendant believe the goods had been stolen. *People* v. *Grodkiewicz*, 16 Ill.2d 192.

The record discloses that defendant met the seller at a tavern, and the seller there offered to sell first tools and then a motor. Defendant, after ascertaining that a used Mercury 55 motor could be purchased for about $350 offered the seller $250 which was readily accepted although he had asked $350 for the motor. Defendant purchased the motor "sight unseen," and later accompanied the seller, after dark, to a disreputable neighborhood to secure the motor. Defendant, at the seller's insistence, waited in the car on a dark street while the seller disappeared down an alley, later returning with motor, tools and propellers. The seller left the tools with the defendant and told him he could use the propellers. Defendant demanded no bill of sale, and accepted seller's promise to return later and give him one. Defendant did not know the seller well, and did not know his address nor his occupation. The purchase of the motor at far less than the probable value, and much less than its actual value, tends to show the guilt of the defendant. *People* v. *Rubin,* 361 Ill. 311.

It is true that defendant did not conceal the motor and permitted a search of his home. These facts tend to negative guilty knowledge, but in view of the other circumstances do not raise a reasonable doubt. Either defendant knew or he was extremely naive. His own testimony refutes naivety. Guilty knowledge was proved, and his attempts to have the motor altered for his use prove his intent to receive the property for his own gain.

Defendant finally asserts that the value of the property in question was not proved. In the proof of the offense of receiving stolen property, the value must be proved in order for the court to mete out proper punishment. The value proved must be the fair cash market value of the property at the place of the theft, testified to by a person who has sufficient knowledge of the property and values to give a reasonable estimate thereof. (*People* v. *George,* 398 Ill.

318.) Richard A. Willett testified that he purchased the motor three or four months prior to the theft for $650, that he worked it over and changed its parts to win races, that he won four races with it, that the value appreciated as it won races, and that his opinion of its value was $4200 to $4500. Defendant himself testified that the price of such a motor was $350 and that he paid $250 for it. Defendant objects that the witness did not know what the motor's value would be in a boat store. Such value is not the proper value to be proved in this case. The value is the value of the motor at the place of the theft. The value was proved sufficiently to enable the court to mete out the punishment imposed, and the sentence is not in error.

The cumulative effect of the facts and circumstances disclosed by the evidence was sufficient to cause the trial judge, who tried this cause without a jury, to find the defendant guilty. Where a cause is tried by the court without a jury, the credibility of the witnesses and the weight to be accorded to their testimony is committed to the trial judge. (*People* v. *Holt,* 398 Ill. 606; *People* v. *West,* 15 Ill.2d 171.) His finding in reference thereto will not be disturbed by this court unless such finding is based on doubtful, improbable, insufficient or unsatisfactory evidence, even though there may be a conflict in the evidence. (*People* v. *Crawford,* 387 Ill. 616.) We find no reason in the present cause to set aside the judgment of the trial court.

Defendant was proved guilty beyond all reasonable doubt, and the court did not err as charged by the defendant. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*