THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TONY MAURICE CARTER, Defendant-Appellant.

(No. 57721;

First District (4th Division)—April 10, 1974.

Paul Bradley, Deputy Defender, of Chicago (Charles I. Weitzman, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (James Veldman, Linda West Conley, and Nicholas P. Iavarone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant, Tony Maurice Carter, was found guilty of murder. He was sentenced to a term of from 15 to 25 years in the Illinois State Penitentiary.

The only issue presented on appeal is whether the defendant was proven guilty beyond a reasonable doubt.

On February 12, 1971, at approximately 11:45 P.M., Charles Garrett and his two brothers, Hugh and Leo, were walking along 72nd Street in Chicago. Three men walked past the brothers and then turned around. Words were exchanged. The defendant began hitting each of the three brothers. Hugh and Leo Garrett observed a gun in the hands of James Owens. Hugh and Leo alleged at trial the defendant then said, "Shoot,

man, shoot." Shots were fired as the three brothers ran from the scene, Hugh and Leo moving in one direction while Charles left in another. Hugh and Leo returned to Hugh's home and found Charles slumped in a chair. The police were summoned immediately. They took Charles to Jackson Park Hospital, where he died of gunshot wounds. The defendant, Tony Carter, and co-defendant, James Owens, were subsequently indicted for the murder of Charles Garrett. Owens waived his right to a jury trial and was tried before the bench simultaneously with defendant Carter being tried before a jury. At the trial, Hugh and Leo Garrett admitted the statements given by them to the police following Charles Garrett's death, without reference to the words "Shoot, man, shoot." At the close of the trial, the court found co-defendant Owens not guilty, although he was accused of firing the shots. The jury found defendant Carter guilty of murder. He was sentenced to 15 to 25 years imprisonment.

The State maintained the defendant was guilty of murder on the theory of accountability under section 5—2 of the criminal code Ill. Rev. Stat. 1971, ch. 38, par. 5—2). Section 5—2 reads in pertinent part:
"A person is legally accountable for the conduct of another when:
* * *
(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."
Hugh and Leo Garrett testified on behalf of the State that during the encounter between the Garrett brothers and their assailants, the defendant solicited the aid of another to commit murder by his statement, "Shoot, man, shoot." The State contends the defendant was therefore accountable for the murder of Charles Garrett regardless of the identity of the individual who fired the gun. The State further argues the defendant is accountable for murder even though the co-defendant was acquitted. The State bases its contentions on the credibility of the testimony of Hugh and Leo Garrett. The State relies on the decision in *People v. Arndt* (1972), 50 Ill.2d 390, wherein the supreme court held that once the credibility and weight to be given the testimony of witnesses has been determined by the trial judge, that determination will not be overturned on review unless it is palpably erroneous.

The defendant contends the State failed to prove beyond a reasonable doubt that the defendant was accountable for the shooting of Charles Garrett. Defendant bases his contention on the decision in *People v. Butler* (1963), 28 Ill.2d 88, wherein the supreme court, in reversing a conviction of larceny, held that due deference to a trial judge's appraisal

of the witnesses' credibility does not excuse a reviewing court from its duty to examine the evidence to determine whether guilt has been established beyond a reasonable doubt.

■■ We agree with the defendant's contention that he was not proven guilty beyond a reasonable doubt. Hugh and Leo Garrett testified at trial that the defendant told one of his accomplices to "Shoot, man, shoot." A review of the record indicates, however, that neither of the two Garrett brothers mentioned the words "Shoot, man, shoot" when they reported their brother's shooting to the police. At the coroner's inquest, Leo again failed to mention the alleged words. Furthermore, Leo testified before the grand jury that the attackers "didn't say nothing." The entire testimony of the Garrett brothers was so replete with contradictions and inconsistencies that a conviction based upon such testimony cannot stand. (*People v. Roldan* (1973), 54 Ill.2d 60.) The trial judge obviously did not believe them when he found Owens not guilty. We find the testimony of Hugh and Leo Garrett in the instant case is sufficiently contradictory and improbable as to raise a reasonable doubt as to the defendant's guilt of murder. *People v. Reese* (1966), 34 Ill.2d 77.

■■ Neither do we believe the evidence establishing the defendant's guilt was stronger than that presented against the codefendant. It was the same transaction. A finding of not guilty by the trial judge as to codefendant Owens and the inconsistent finding of guilty by the jury as to the defendant raises a reasonable doubt as to the guilt of the defendant. (*People v. Patterson* (1972), 52 Ill.2d 421.) Where co-defendants are tried on the same facts, the verdicts should be consistent. (*People v. Griffin* (1967), 88 Ill.App.2d 28.) In the case at bar, no plausible evidence was introduced by the State which would support a finding of guilty as to the defendant, Tony Carter.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed.

Reversed.

ADESKO, P. J., and BURMAN, J., concur.