THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEO STINSON, Defendant-Appellant.

First District (1st Division)   No. 63007

Opinion filed April 11, 1977.

Clarkston & Scott, of Chicago (Lucas T. Clarkston and Maurice Scott, Jr., of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Jeffrey Singer, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, Leo Stinson (defendant) was found guilty of possession of more than 30 grams of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(a)) and was sentenced to 4 to 12 years. Oscar Brock was tried with defendant and was acquitted of the same charge. Defendant has appealed.

In this court, defendant urges that the complaint for search warrant did not contain sufficient facts showing the reliability of the informant so that the warrant should have been quashed; the incriminating physical evidence should have been suppressed and the evidence failed to prove defendant guilty beyond a reasonable doubt. Defendant further contends that because he and Brock were charged with joint possession and the same evidence was introduced as to each, the conviction of defendant was inconsistent with the acquittal of Brock. The State responds that the complaint established the reliability of the informant; alternatively, this issue was waived; the physical evidence was properly received; defendant was proved guilty beyond a reasonable doubt and no logical or legal inconsistency exists between the findings as to each defendant.

■■ Defendant attacks the complaint for search warrant on the theory that it lacked sufficient facts to show the reliability of the informant. The record is entirely without mention by counsel or the trial court of any assertion that the complaint or warrant was insufficient. This omission constituted a waiver of the contention in this court. See generally *People v. Howell* (1975), 60 Ill. 2d 117, 120-21, 324 N.E.2d 403.

■■ We will, however, consider the matter for purposes of completeness. A complaint for a search warrant based on information from an informant "must set forth the underlying circumstances upon which the informer's conclusions are based and must also set forth grounds evidencing his reliability." (*People v. Levin* (1973), 12 Ill. App. 3d 879, 885, 29 N.E.2d 336, citing *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509.) The complaint in the instant case recited in part that the officer "had a conversation with a reliable informant who I have known for the past (7) months and who has given me information relative to narcotics on (4) occasions which has led to (4) arrests with all (4) cases pending in Court. On each occasion narcotics were confiscated." Defendant argues that the issuing judge could not determine the informant's reliability because none of the four pending cases had been fully decided by a court. In our opinion, this issue is controlled by *People v. Thomas* (1975), 62 Ill. 2d 375, 342 N.E.2d 383, where the supreme court held that the statement "arrests are pending on these four purchases" was sufficient to establish reliability of an informer under *Aguilar*. 62 Ill. 2d 375, 382.

The complaint in the record before us also contains even stronger indicia of reliability in its recital that prior tips from the same person had led to four arrests upon which four prosecutions remained pending. In addition there are averments by the affiant that, after receiving this information, he ascertained by personal surveillance of the premises that in 30 minutes six persons separately entered and emerged shortly afterward. Some of these people were recognized as narcotics users based on previous arrests. Considering this complaint "in a commonsense and realistic fashion" as we are required to do (*United States v. Ventresca* (1965), 380 U.S. 102, 108, 13 L. Ed. 2d 684, 85 S. Ct. 741), we conclude necessarily that it is sufficient in law.

We turn next to the motion of defendant to suppress the physical evidence. This involves factual matters arising from execution of the search warrant. The evidence introduced by the defendant in support of the motion conflicted with the testimony of the police officers. According to defendant's version, the two officers knocked at his door, entered with the warrant and searched defendant. Oscar Brock had just left the apartment but reentered with the police. The officers searched the entire apartment pursuant to the warrant. No drugs or contraband were found. During the search, defendant's wife entered the apartment and her purse was searched. One of the police then took defendant's keys and went with defendant to the basement. The officer opened and searched defendant's storage locker, finding a large plastic bag containing two small bags filled with brown powder. They returned to the apartment and one of the officers removed the two smaller bags and placed them on the breakfast

bar. Defendant then told the police that the bags were his and not his wife's. This testimony was partly corroborated by defendant's wife. She was not present at the alleged search of the basement locker.

In complete contrast, Officer Mitchell testified that he found three small plastic bags filled with brown powder in a dresser drawer located in defendant's bedroom. He field tested this substance at the breakfast bar. Mitchell later saw defendant and Officer Johnson leave the apartment together. They returned in about 10 minutes with Johnson carrying a large brown jar.

Johnson testified that both defendant and Oscar Brock were searched as soon as the officers entered the apartment. A small plastic bag with brown powder was found in Brock's pocket. The search of defendant yielded an amount of money and no controlled substances. Johnson and defendant then went down to the basement. Defendant took out his keys and opened the storage locker. Officer Johnson removed a large brown jug filled with a light powdery substance. A field test showed that this was nonnarcotic.

The police testified that they first encountered Mrs. Stinson on the apartment stairs when they were leaving the apartment after the arrests were made and her purse was not searched. She was not present during execution of the warrant.

■■ This clear conflict in the evidence was one which it was the duty of the trial court to resolve in ruling upon defendant's motion to suppress the evidence. The warrant authorized search of defendant's third-floor apartment at a specified address. The testimony offered by defendant indicated that the controlled substance was not found within the area of authorization of the warrant but was taken from a basement locker outside of defendant's apartment. In this type of proceeding the burden of proving that the search and seizure were unlawful rested upon the defendant. (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(b).) In consideration by this court of an order deciding a motion to suppress evidence, the standard of review is whether the result reached by the trial court was "manifestly erroneous." (*People v. Williams* (1974), 57 Ill. 2d 239, 246, 311 N.E.2d 681; *People v. Clay* (1973), 55 Ill. 2d 501, 505, 304 N.E.2d 280.) In our opinion, the result reached by the trial court is strongly supported by the evidence. Under no circumstances can we find that it was manifestly erroneous. The motion to suppress was properly decided and the physical evidence was properly received.

At the trial the parties stipulated that the evidence received on hearing the motion to suppress could be considered by the trial court as evidence in the case in chief. They also stipulated to the chain of custody of the substances recovered from the person of Oscar Brock and from the defendant's apartment. It was also stipulated that Brock had been found

in possession of 7.7 grams of heroin and that the substance found, either in the basement locker as defendant contended or in defendant's bedroom was slightly over 352 grams of heroin. Officer Mitchell was recalled and testified that, after finding the heroin in defendant's bedroom, he advised defendant of his constitutional rights. Defendant told him that he had "returned from California where he had purchased the stuff and pointed to the two airline tickets on the top of the dresser."

■■ It follows that defendant's contention that the evidence failed to prove him guilty beyond a reasonable doubt must be rejected. The case in chief, as did the motion to suppress, presented simply an issue of credibility of witnesses which was properly resolved by the trial court as the trier of fact. *People v. Akis* (1976), 63 Ill. 2d 296, 298-99, 347 N.E.2d 733.

Defendant finally contends that the single count indictment, in effect, charged him and Oscar Brock with joint possession of a controlled substance. Since Brock was acquitted, defendant reasons his conviction must be reversed because the trial court's findings were inconsistent. The cornerstone of this argument is defendant's assertion that the evidence against the two defendants was identical. The record does not support this premise. Brock was found with 7.7 grams of heroin on his person and no evidence sufficiently linked him to the drugs found in defendant's bedroom to justify a conclusion that he was in constructive possession of these substances. On the contrary, 352.29 grams of heroin were found in defendant's dresser in the apartment he rented. There was testimony that defendant admitted purchasing the substance found in his bedroom. Because the indictment charged possession of more than 30 grams of a controlled substance, the finding of not guilty as to Brock may be justified by the evidence. We find no inconsistency between this result and the conviction of defendant.

■■ Two cases cited by defendant, *People v. Carter* (1974), 19 Ill. App. 3d 21, 23, 311 N.E.2d 213, and *People v. Griffin* (1967), 88 Ill. App. 2d 28, 31, 232 N.E.2d 216, support the principle that when defendants are tried on the same facts, verdicts should be consistent. These authorities cannot control where, as in the case before us, the evidence is not identical as to each codefendant but, rather, clearly supports the guilt of one and the innocence of the other. See *People v. Stock* (1974), 56 Ill. 2d 461, 465, 309 N.E.2d 19.

The judgment appealed from is therefore affirmed.

McGLOON and O'CONNOR, JJ., concur.