THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ERNEST D. RIZZO, Defendant-Appellee.

First District (1st Division)　No. 76-621

Opinion filed May 2, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Donald A. Carr, of Chicago (Jerrald B. Abrams, of Abrams & Fogel, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant was charged with the offense of impersonating a police officer in violation of the Illinois Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 17—2). He moved to suppress the police badge and identification card seized from him on April 6, 1975. The trial court granted the motion and ordered his property returned to him. It made no findings of fact or conclusions of law. The State appeals from the trial court's order pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)), contending that the trial court erred in suppressing the evidence.

On April 6, 1975, at approximately 10 p.m., Lieutenant Olson, Sergeant Graham and Officer Woytko of the Cook County Sheriff's Police responded to a citizen's call for help at Apartment 1A, 9205 Bumblebee Drive in Maine Township. Olson and Woytko entered the building, while Graham remained outside. Sergeant Graham stated that as he was pulling in front of the apartment building defendant looked at Graham's squad car and attempted to pull his automobile out of the place in which it was parked. Defendant denied trying to move his car and said he could not move it because he had been blocked by Graham as soon as Graham arrived.

Officer Woytko neither saw nor heard anything unusual when he entered the 9205 building. Nothing unusual was happening inside that building. When Woytko knocked on the door of Apartment 1A, a child answered. The child told Woytko that no one there had called for the police. Woytko made no further inquiry because nothing appeared

wrong. From the time he arrived Woytko neither saw nor heard anything unusual.

On the way back to his car, Woytko observed Sergeant Graham speaking to defendant. Defendant was doing nothing to violate the law. Defendant was not attempting to leave the area. Woytko joined Graham and defendant and asked defendant whether he had seen anything unusual occur while he had been around the 9205 building. Defendant said he had not seen anything out of the ordinary. Rizzo pulled out a wallet containing a Franklin Park police badge and identification card. Defendant remained with Woytko while Olson called to check defendant's identity.

Subsequently the officers asked defendant to follow them to the sheriff's police station in Niles. When defendant arrived at the station in Niles, he was left in a room by himself for some time. Later the police officers told defendant he could leave, but kept the badge and identification card. One month later a complaint and warrant for defendant's arrest were issued.

Under section 114—12(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(b)), the burden of proving that the search and seizure were unlawful is on the defendant.

The propriety of the seizure of the badge and identification card from defendant depends upon the reasonableness of the stopping of defendant for temporary questioning. The Illinois Code of Criminal Procedure of 1963 provides:

> "A peace officer, after having identified himself as a peace officer, may stop any person in a public place for a reasonable period of time *when the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense* as defined in Section 102—15 of this Code, and may demand the name and address of the person and an explanation of his actions. Such detention and temporary questioning will be conducted in the vicinity of where the person was stopped." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 38, par. 107—14.

■■ There must be specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the stop. (*Terry v. Ohio* (1968), 392 U.S. 1, 21, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) Mere suspicions of the police are not sufficient to establish the reasonableness of the stop. *People v. Watson* (1972), 9 Ill. App. 3d 397, 292 N.E.2d 457.

■■ Sergeant Graham testified that he approached defendant's vehicle because defendant started to back his car out of the place in which it was legally parked when Graham arrived. On the other hand, defendant

stated that Graham's car blocked his car. Rizzo also stated that he did not attempt to move his car. Graham said defendant was not violating the law and that defendant was making no noise. The credibility of the witnesses was for the trial court. Even if Graham's testimony was more credible than defendant's, there were no specific and articulable facts from which a reason for stopping defendant could be inferred. There was merely a hunch that something might have occurred and that defendant might be involved. See *People v. Schlottman* (1976), 37 Ill. App. 3d 62, 344 N.E.2d 8.

Officer Woytko said the original call was not *bona fide*. Woytko had already determined that the call was false when he saw Graham and defendant speaking. Defendant committed no violation in Woytko's presence. Clearly, no legally sufficient reason existed for questioning the defendant. See *Schlottman, Watson*.

The trial court's order suppressing the evidence was not against the manifest weight of the evidence. It will not be disturbed unless it is manifestly erroneous. (*People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280; *People v. Stinson*, 47 Ill. App. 3d 910, 365 N.E.2d 467.) We find that the trial court's order was not manifestly erroneous.

Order affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.