THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MARK DRESCHER, Defendant-Appellee.

Third District   No. 76-550

Opinion filed June 29, 1977.—Rehearing denied July 21, 1977.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Dennis A. DePorter, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
The State of Illinois appeals from an order of the Circuit Court of Rock Island County granting a motion to suppress certain evidence which was taken during a search of defendant Mark Drescher's automobile. The appeal is made pursuant to Supreme Court Rule 604(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)). The action was instituted in the trial court charging defendant, Mark Drescher, with the offense of unlawful possession of cannabis and illegal transportation of alcoholic liquor. The State emphasizes that the evidence which was suppressed was taken legally during an inventory search of defendant's automobile.

From the record it appears that at about 11:35 p.m. on May 1, 1976, a

"hit and run" traffic accident occurred in the eastern part of Rock Island County near Interstate 80. Shortly thereafter, East Moline Police Officer Bill Fickes received a radio communication with respect to the accident, which included a description of the make, model and color of the "hit and run" vehicle and of the damage sustained by that vehicle. At approximately 12:02 a.m. on May 2, 1976, Officer Fickes observed an automobile matching the description of the "hit and run" vehicle. That automobile had extensive damage to its left front side, which inhibited the proper functioning of the tire on the left front side, and also had a broken left front headlight. The automobile was occupied by the defendant, who was driving, and also contained two passengers.

In the process of stopping the car, the officer ascertained by radio that the defendant owned the automobile. When Officer Fickes asked defendant if defendant had just been in an accident, defendant Drescher stated that he had collided with a bridge earlier in the day in Henry County and that he had failed to report the accident. At this time, also, the officer smelled the strong odor of alcohol on defendant's breath and also detected the smell of alcohol emanating from the interior of the automobile in question. By reason of defendant's demeanor, Officer Fickes also believed defendant to be intoxicated.

The State Police Headquarters, by radio, requested that defendant Drescher be transported to the East Moline Police Station. Officer Fickes then placed defendant under arrest on the charge of leaving the scene of a property damage accident in violation of section 11—402 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—402). Defendant was placed in the squad car and his companions were ordered out of the damaged car, which was going to be towed.

It appears from the record, also, that the policy of the East Moline Police Department is to have vehicles towed from the scene when a driver is taken into custody, and that the standard department procedure dictated an inventory of the contents as well as searching such vehicle at the scene of the arrest before the vehicle is towed away. Officer Fickes then searched defendant's vehicle for the stated purpose of (1) making an inventory of the contents of the vehicle before it is towed from the scene, and (2) looking for fruits of the suspected crime of illegal transportation of alcohol or driving under the influence of alcohol. The officer's search of the automobile produced a half-full can of beer and a bag of green leafy plant material in the unlocked glove compartment, a spoon containing burnt residue from under the driver's seat, and an 8-track tape player. The officer removed these items from the vehicle, and the vehicle was then towed from the scene. All of the items removed from the vehicle were listed in the officer's arrest report. It appears, also, that the officer did not search the trunk of the vehicle, even though he had the car keys, for the

reason that the officer did not believe that he possessed the requisite legal authority to search the trunk.

Defendant was subsequently charged with the offenses of unlawful possession of cannabis and illegal transportation of alcoholic liquor. Defendant was never charged with nor arrested for driving a motor vehicle while under the influence of alcoholic liquor. At the trial, defendant's motion to suppress the evidence, which was found in defendant's automobile, was granted, as we have noted.

■■ In the appeal to this court, the State argues that the evidence in defendant's car was properly taken pursuant to an inventory search of the vehicle. In *People v. Clark* (1976), 65 Ill. 2d 169, 357 N.E.2d 798, the Illinois Supreme Court upheld an inventory search of an impounded vehicle and in such opinion stated:

> "The opinion of the majority in [South Dakota v.] *Opperman* [(1976), ___ U.S. ___, 49 L. Ed. 2d 1000, 96 S. Ct. 3092,] mentions three legitimate objectives for an inventory search of a car: protection of police officers from potential danger, protection of the owner's property while his car is in police custody, and protection against later claims that property has been lost or stolen." (65 Ill. 2d 169, 174.)

It is clear that under *Clark* and *Opperman*, the defendant's vehicle was properly impounded, the inventory search was proper and the fruits of the search were legally taken. The record establishes that the standard procedure of the East Moline Police Department was to impound a vehicle when the driver of that vehicle had been placed in custody. The Illinois Supreme Court noted its approval in *Clark*, where it said:

> "The defendant suggests that what is ostensibly an inventory search may serve as a subterfuge for an investigatory search whereby the police may explore the interior of the car to look for evidence of criminal conduct. We think the short answer to this objection is that the testimony here was that the inventory searches were routinely made in all cases where it is necessary to tow a car away, and there is no hint whatever of any improper motive of that sort on the part of the arresting officer." 65 Ill. 2d 169, 175.

In the instant case, Officer Fickes' search of defendant's car was motivated in part by the standard departmental procedure of inventorying the contents of a vehicle before it is towed from the scene of the arrest. The officer clearly had proper cause to impound the vehicle and the search was justified as an inventory search in any event. Under section 107—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 107—2), it is provided:

> "A peace officer may arrest a person when: * * * (c) He has

reasonable grounds to believe that the person is committing or has committed an offense."

The Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, pars. 11—402, 16—104) provides that leaving the scene of a motor vehicle accident resulting in property damage is a Class C misdemeanor. It is apparent from the record that the officer had reasonable grounds to believe that the defendant had violated sections 11—402 and 16—104 of the Illinois Vehicle Code. Defendant's arrest was, therefore, proper.

■■ On the basis of the *Clark* case and the *Opperman* case, it is apparent that pursuant to standard police procedures defendant's vehicle was properly subjected to an inventory search. Since the evidence found in defendant's car was seized during a legal search, the trial court erred in granting defendant's motion to suppress the items which were taken.

The order of the Circuit Court of Rock Island County suppressing the evidence seized in the search of defendant's vehicle is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STOUDER and SCOTT, JJ., concur.