THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DERRICK WEST, Defendant-Appellant.

First District (1st Division)   No. 77-1039

Opinion filed May 15, 1978.

James J. Doherty, Public Defender, of Chicago (Andrew J. Kleczek and Timothy D. Murphy, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James S. Veldman, and Francis X. Speh, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, Derrick West (defendant) was convicted of theft by possession and sentenced to imprisonment for 90 days. (Ill. Rev. Stat. 1975, ch. 33, par. 16—1(d)(1).) In his appeal, defendant argues that the State failed to prove the property was stolen by someone other than himself and failed to prove the defendant knew the goods were stolen when he came into possession of them.

The property involved was two leather jackets which were the

property of Michelle Arrington. They were reported stolen by the owner's mother, Minnie Arrington. Mrs. Arrington testified that the jackets were taken from her home during a burglary on December 20, 1976.

Maurice Richard testified for the State that on December 20, 1976, the defendant tried to sell him the two jackets for $50. Richard testified that he asked defendant how he obtained the jackets. The defendant told Richard that he "just did a burglary." Richard stated that he realized the jackets were girl's clothes and were owned by Michelle Arrington.

David Baranski, a Chicago police officer, testified that he arrested the defendant. The defendant denied complicity in any burglary but admitted that he had been in possession of the two jackets and had subsequently sold them for $15 to a man from Detroit, whose address defendant did not know.The defendant testified that on December 20, 1976, he was accosted on the street by a stranger who was carrying two leather jackets. The stranger offered to sell the jackets to the defendant for $15. The defendant bought the jackets because he thought he could resell them at a profit. Defendant also testified that he attempted to sell the jackets to Maurice Richard but denied telling Richard that he got them in a burglary. Defendant categorically denied participating in a burglary.

■■ One of the essential elements of the crime of theft by possession is that the property was, in fact, stolen by someone other than the defendant. (*People v. Stewart* (1960), 20 Ill. 2d 387, 392, 169 N.E.2d 796; *People v. Weiss* (1976), 34 Ill. App. 3d 840, 842, 341 N.E.2d 79.) The defendant claims that the State, by offering evidence that he committed the burglary, has failed to prove this element. We do not agree. Mrs. Arrington testified that the coats were stolen. The defendant testified that he bought the coats from a man on the street and denied telling Maurice Richard that he stole the coats. The trial judge was free to believe this testimony and from it draw the conclusion that the jackets had in fact been stolen by someone other than the defendant.

■■ Another essential element of theft by possession is that the receiver of the property knew it was stolen at the time of receiving it. (*Stewart*, 20 Ill. 2d 387, 392; *Weiss*, 34 Ill. App. 3d 840, 842.) Defendant claims that the State failed to prove this element. This argument also lacks merit. As stated by the supreme court (*Stewart*, 20 Ill. 2d 387, 392):

> "Guilty knowledge may be established by proof of circumstances which would induce belief in a reasonable mind that the property had been stolen and by the receipt of such property by the accused without inquiry as to its source or the title of the one from whom it was received. Knowledge of the theft need not be actual or positive knowledge which one acquires by personal observation of the fact. It is sufficient if the circumstances accompanying the

transaction were such as to make the defendant believe the goods had been stolen."

■■ The defendant's own testimony shows that he met a stranger on the street. The defendant bought two leather jackets from this man at a price well below their market value. As defendant himself testified, he thought he could resell the articles at a profit. Defendant then immediately attempted to sell the jackets for more than three times what he paid for them. The defendant did not inquire of the stranger as to how he acquired two used ladies' jackets, nor did the defendant ask the seller for bill of sale or any other proof of ownership. The evidence thus demonstrates that defendant acquired this property "for much less than the real value * * *" and "without inquiry as to its source or the title of the one from whom it was received." *People v. Holtzman* (1953), 1 Ill. 2d 562, 571, 116 N.E.2d 338.

The record here shows testimony by another witness, Maurice Richard, as part of the State's case to the effect that defendant made an extra judicial statement that he himself had stolen the jackets in a burglary. But, in his own testimony defendant denied participation in any burglary and proved that he had knowledge that the articles were stolen at the time he purchased them. Under these circumstances the trial judge could reject the testimony of Maurice Richard concerning defendant's statement and accept defendant's own testimony as sufficient to prove his knowledge that the jackets were stolen. *People v. Philyaw* (1975), 34 Ill. App. 3d 616, 621, 339 N.E.2d 461.

In our opinion the evidence here supports the finding of guilt beyond a reasonable doubt. It is therefore our duty to affirm the judgment. (*People v. Akis* (1976), 63 Ill. 2d 296, 298-99, 347 N.E.2d 733.) The judgment of the trial court is accordingly affirmed.

Judgment affirmed.

McGLOON and BUCKLEY, JJ., concur.