THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROGER FOX, Defendant-Appellee.

Fourth District   No. 14717

Opinion filed August 11, 1978.

TRAPP, J., dissenting.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

After being charged with retail theft over $150 in violation of section 16A—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16A—3), the defendant, Roger Fox, filed a motion to suppress evidence discovered during a State police inventory of his car. At the conclusion of the suppression hearing, his motion was granted. The State appeals, contending that the inventory search of the defendant's car was proper.

The testimony at the suppression hearing indicates that on February 24, 1977, the defendant was stopped after a State policeman made a routine check of license plates of vehicles parked in an interstate rest area. That check revealed that there was an outstanding Madison County arrest warrant for contempt of court for the defendant. After the defendant was stopped, he got out of his car and was placed under arrest by the State police officer.

While the defendant was being questioned, a second officer arrived at the scene and began questioning the passenger in the defendant's car, Roger Schult. The officer asked Schult to get out of the car after he observed an open 12-pack of beer and a tab top on the back seat of the car. The officer discovered two open cans of beer during a search of the interior of the car. In addition, several credit cards with names other than the defendant's or Schult's were found in the closed but unlocked glove compartment.

Schult was arrested for illegal transportation of liquor and was transported, along with the defendant, to the State police headquarters in Springfield for questioning regarding what appeared to be stolen credit cards.

The second State police officer remained at the scene and called for a tow truck to remove the defendant's car from the highway and take it to the police headquarters. The officer testified, at the suppression hearing, that it is the practice of the State police to tow vehicles for those individuals arrested for illegal transportation of liquor and unable to post bond. It was also noted that, in some situations where a driver is arrested and unable to post bond, the passenger is allowed to drive the car away. In the instant case, it appears there was no discussion at the scene regarding the posting of bond for the defendant or Schult nor was there a discussion that would have allowed Schult to drive the defendant's car to the police station.

Prior to the car being towed, the officer made a routine inventory of the contents of the car. As part of the inventory procedure, the officer opened the trunk of the automobile with the trunk key which had been left along with the ignition key in the car. When the officer looked into the trunk he saw several micro cassette tape recorders. Because these recorders were all the same, the officer concluded that it was likely that they were fruits of a crime and he confiscated them.

The defendant was charged by information with theft of the micro cassette recorders. He thereafter filed a motion to suppress the evidence obtained from the trunk of his car. A hearing on that motion was held, and the trial court, at the conclusion of that hearing, allowed defendant's motion to suppress. A docket entry reflecting this decision was made but no written order was then filed. The State filed a motion to reconsider along with supporting authority.

The trial court, after taking the matter under advisement, entered a full written order stating findings of fact and conclusions of law. The trial court's order noted that an inventory search cannot be permitted as a subterfuge for an investigatory search to merely look for evidence of criminal conduct. It also noted that the facts in this case were entirely different from the factual situations presented in *People v. Clark* (1976), 65 Ill. 2d 169, 357 N.E.2d 798, *cert. denied* (1977), 431 U.S. 918, 53 L. Ed. 2d 229, 97 S. Ct. 2184, and *South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092. The order stated that there was no warrant or probable cause to make an arrest of the passenger or to search the interior of the car. In addition, the order stated that there was no showing that the passenger lacked authority to move the vehicle or that the defendant could not have granted the passenger such authority. It noted that the second police officer could have escorted the passenger and the vehicle to police headquarters. The order concluded that the initial search of the automobile and the arrest of the passenger was a pretext concealing an investigatory motive and a subterfuge for criminal

investigation. The trial court, therefore, ordered that all physical evidence seized from the defendant's car be suppressed at trial.

We agree with the trial court's findings and conclusions of law since the police officer's inventory search of the trunk was unreasonable under the fourth amendment in view of the other less intrusive alternatives available. The basis of the suppression order hinged upon the credibility and weight to be given the testimony of the witnesses at the suppression hearing. As is commonly stated, the weight and credibility to be given that testimony is a function of the trial court and this court will accept the trial court's finding based on that testimony unless it is manifestly erroneous. (*People v. Burton* (1970), 46 Ill. 2d 135, 262 N.E.2d 917.) We conclude that the trial court's decision suppressing the evidence was not manifestly erroneous and we accept that finding. *People v. Stinson* (1977), 47 Ill. App. 3d 910, 365 N.E.2d 467; *People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280.

Accordingly, the order of the circuit court of McLean County suppressing the evidence is affirmed.

Affirmed.

REARDON, P. J., concurs.

Mr. JUSTICE TRAPP, dissenting:

At the hearing on the motion to suppress, the officers testified that the inventory was made by the established State police procedure when vehicles are required to be towed away by persons other than police personnel. As to such officers the procedure was a requirement.

It is a legitimate constitutional objective to inventory the contents of a vehicle to protect against claims or disputes over property contained therein. (*South Dakota v. Opperman* (1976), 428 U.S. 364, 369, 49 L. Ed. 2d 1000, 1005, 96 S. Ct. 3092.) The opinion in *People v. Clark* (1976), 65 Ill. 2d 169, 357 N.E.2d 798, states that an inventory search is reasonable under the Constitution of Illinois. That opinion rejected the argument that the contents of the vehicle might be protected by simply locking the doors, for such security is uncertain absent an attending guard. An automobile trunk may be considered as a receptacle for valuable property.

There is little persuasion in the stated conclusion that the arresting officers, while on a major highway in the early morning, should be required to conduct a plenary hearing to determine all possible alternatives to the inventory of a car before it is to be towed away. It is apparent that under such circumstances the officers are dealing with individuals of unknown capabilities. In this particular instance the

passenger was to be interrogated concerning possession of credit cards found in the vehicle.

In *People v. Drescher* (1977), 51 Ill. App. 3d 904, 365 N.E.2d 964, the defendant driver was arrested. His companions were ordered to leave the car which was to be towed away. The court held that the inventory search was legal when made pursuant to standard police procedure. In *People v. Clark* (1976), 65 Ill. 2d 169, 175, 357 N.E.2d 798, 801, the court said:

> "The defendant suggests that what is ostensibly an inventory search may serve as a subterfuge for an investigatory search whereby the police may explore the interior of the car to look for evidence of criminal conduct. We think the short answer to this objection is that the testimony here was that inventory searches were routinely made in all cases where it is necessary to tow a car away, and there is no hint whatever of any improper motive of that sort on the part of the arresting officer."

I would reverse the judgment of the trial court and remand the cause for further proceedings.