THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARIA PEREZ, Defendant-Appellant.

First District (3rd Division) No. 78-1988

Opinion filed March 31, 1980.

James J. Doherty, Public Defender, of Chicago (R. H. R. Silvertrust and John Thomas Moran, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Maria Perez and Frank Alvarez were charged with theft in violation of section 16—1(a),(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a),(d)). In a bench trial, both defendants moved for a directed finding at the close of the State's case. The motion was granted in favor of Alvarez but was denied as to Perez. She did not present any evidence and was found guilty and sentenced to five years' probation. She contends that she was not proved guilty beyond a reasonable doubt. We reverse.

On December 19, 1975, two Chicago police officers were involved in the pursuit of an automobile. The driver of the automobile stopped in front of 2618 N. Francisco in Chicago and ran into the building. The police officers chased him to the third floor where they saw him knock on a door. The door was opened, and he entered the apartment. As the door was closing, the officers followed him into the apartment.

While in the apartment, one of the officers saw Perez, Alvarez, and two other people. Next to the kitchen table, he noticed a small, portable washer and dryer. He also observed a stereo and a television in the living room, and a stereo and two televisions in the dining room. After leaving the apartment, the police officer learned that the fugitive had been apprehended.

Subsequently, the officers went to the police station and spoke to their supervisors. Then they returned to 2618 N. Francisco. The names Perez and Alvarez were listed next to the doorbell for the third floor apartment. The officers knocked on the door, and Perez opened it. After the officers identified themselves, Perez allowed them to enter the room. Alvarez was present. One of the officers informed Perez that the man they had been chasing told him that Perez had purchased some items, including a washer and dryer, for $50. After Perez acknowledged that she understood her *Miranda* rights, the officer asked if the washer and dryer "was one of the pieces she bought for fifty dollars." She answered that "it was." Perez and Alvarez were then placed under arrest. The officers then made a search of the apartment and removed some items in a police van.

At trial, the parties stipulated that four persons would testify that

they owned certain property taken from their homes without permission. The property included certain items inventoried as having been found in the 2618 N. Francisco apartment.

■■ Defendant contends that the State failed to prove her guilty of theft beyond a reasonable doubt. Ordinarily, the failure to convict one defendant does not itself raise a reasonable doubt as to the guilt of a co-defendant. (*People v. Stock* (1974), 56 Ill. 2d 461, 465, 309 N.E.2d 19, 21; *People v. Bradshaw* (1978), 65 Ill. App. 3d 76, 79, 382 N.E.2d 432, 435.) If, however, the evidence against co-defendants is identical, the acquittal of one defendant raises a reasonable doubt as to the guilt of the other defendant. *Stock*, 56 Ill. 2d 461, 465, 309 N.E.2d 19, 21; *People v. Beasley* (1976), 41 Ill. App. 3d 550, 554, 555, 353 N.E.2d 699, 703; *People v. Carter* (1974), 19 Ill. App. 3d 21, 23, 311 N.E.2d 213, 215.

In the present case, both Perez and Alvarez were listed as occupants of the apartment where the property was found. All the evidence was identical as to both of them, with the exception of the testimony relating to Perez' purchase of the washer, dryer and other items for $50. However, we do not believe that this difference in evidence forms a basis for convicting Perez while acquitting Alvarez.

After the officer told Perez he had been informed that she had purchased some of the items, including a washer and dryer, for $50, Perez acknowledged that the information was correct. This testimony related to her alleged violation of section 16—1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)), which states that a person commits theft when he knowingly "obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen."

Here, the evidence is not sufficient to establish the knowledge required under the statute (See *People v. Baxa* (1972), 50 Ill. 2d 111, 114, 277 N.E.2d 876, 878; *People v. West* (1978), 60 Ill. App. 3d 570, 571, 377 N.E.2d 124, 125.) The fact that Perez purchased the washer and dryer and other items for $50 is not sufficient. First, there is no evidence of the value of the items Perez bought for $50. Second, there is no evidence regarding the age or condition of the washer and dryer. Therefore, it is impossible to determine whether $50 was a reasonable price. It follows there is no evidence to establish that the payment of $50 is a circumstance which would cause a reasonable person to believe that the property had been stolen.

■■ Since the only difference in the evidence between Perez and Alvarez cannot support the conviction of Perez, the failure to convict Alvarez raises a reasonable doubt as to the guilt of Perez. The evidence against Perez was no stronger than that presented against Alvarez. (See *People v. Patterson* (1972), 52 Ill. 2d 421, 425, 288 N.E.2d 403, 406; *Carter*, 19 Ill.

App. 3d 21, 23, 311 N.E.2d 213, 215.) Accordingly, the judgment of guilty against Perez is reversed.

Reversed.

McGILLICUDDY, P. J., and SIMON, J., concur.